# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Action No. 18-cr-00353-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL SHANNON,

    Defendant.

---

## ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTION TO EXPERT DISCLOSURE

---

This matter is before the Court on Defendant Michael Shannon's Objection to the Government's Expert Disclosure. (Doc. # 40.) The Court sustains in part and overrules in part Defendant's Objection for the following reasons.

## I.     BACKGROUND

The Government's case against Defendant arises out of its surveillance of a residence in Colorado Springs, Colorado, in April 2018 "in response to a recent gang related shooting." (Doc. # 1 at 1.) On April 12, 2018, law enforcement made contact with Defendant. (*Id.* at 2.) Defendant stands charged with: (1) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (4) using, carrying, and possessing a firearm in

furtherance of a drug trafficking crime. (Doc. # 42.) A five-day jury trial on these charges is set to begin on February 11, 2019. *See* (Doc. # 59.)

Defendant moved the Court "to set a deadline for the disclosure of experts and materials requested under Rules 702, 703, and 704 of the Federal Rules of Evidence and Rule 16(1)(G) of the Federal Rules of Criminal Procedure" on August 8, 2018. (Doc. # 19.) The Court granted Defendant's request shortly thereafter and set August 31, 2018, as the deadline for parties to disclose their expert witnesses. (Doc. # 24.)

On August 31, 2018, the Government informed Defendant of its intent to call as an expert witness Detective Timothy Goss, a narcotics detective with the Denver Police Department. (Doc. # 40-1.) The Government wrote:

> The Government will seek to introduce Denver Police Department Narcotics Detective Timothy Goss as an expert in narcotics distribution and trafficking. The Government will seek to introduce Detective Goss as a blind expert because he has no direct involvement with this case. Detective Goss will review the case materials and evidence. It is anticipated that Detective Goss will testify to the following: (1) general practices of the illegal drug trade; (2) the respective drug weights for the cocaine and methamphetamine seized in this case are distribution quantities; (3) the wholesale and retail values of the seized narcotics; (4) the use of firearms in connection with the trafficking of narcotics; (5) the amount of currency found on the defendant's person is indicative of drug distribution; (6) the plastic bags and digital scales found in the defendant's vehicle are indicative of drug distribution; (7) the presence of the AR-15 in the vehicle is indicative of drug distribution and protection of product, i.e., drugs, and person; and, (8) the AR-15 was possessed in furtherance of drug trafficking. The bases for Detective Goss' testimony are his: (1) narcotics related training; and, (2) field experience with narcotics, including undercover operations.

(*Id.* at 2.) The Government attached Detective Goss's curriculum vitae in the same communication. *See* (Doc. # 40-2; Doc. # 71 at 1.)

Defendant filed the Objection presently before the Court on September 7, 2018. (Doc. # 40.) In accordance with the Court's direction at the Final Trial Preparation Conference on January 31, 2019, *see* (Doc. # 70), the Government responded to the Objection on February 3, 2019 (Doc. # 71).

## II. <u>ANALYSIS</u>

Defendant asserts four arguments concerning Detective Goss's anticipated expert testimony. (*Id.*) First, Defendant argues that "[t]he expert disclosure regarding Detective Goss is grossly inadequate." (*Id.* at 3–5.) Second, he asserts that Detective Goss "is planning—but should not be allowed—to testify beyond the bounds of Rules 702 and 704." (*Id.* at 5–9.) Third, Defendant asks the Court to "not permit Detective Goss to testify to inadmissible hearsay." (*Id.* at 9.) Fourth, Defendant states that he "may have foundational objections at trial." (*Id.* at 9–10.) The Court addresses each point in turn.

### A. ADEQUACY OF THE EXPERT DISCLOSURE

Federal Rule of Criminal Procedure 16(a)(1)(G) governs expert witness disclosure by the Government:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . **The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications**.

Fed. R. Crim. P. 16(a)(1)(G) (emphasis added).

Rule 16 is "designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation' by the opposing side, such as

lining up an opposing expert, preparing for cross-examination, or challenging admissibility on *Daubert* or other grounds.  Rule 16 disclosure is not designed to allow the district court to move immediately to a *Daubert* determination without briefs, a hearing, or other appropriate means of testing the proposed expert's methodology." *United States v. Nacchio*, 519 F.3d 1140, 1151 (10th Cir. 2008), *vacated in part on reh'g en banc,* 555 F.3d 1234 (10th Cir. 2009) (quoting Margaret A. Berger, *Procedural Paradigms for Applying the* Daubert *Test,* 78 Minn. L. Rev. 1345, 1360 (1994)). Accordingly, the written summary required by Rule 16 "falls far short of the 'complete statement' required of litigants in civil cases. . .   In particular, Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions to or to make a written proffer containing the information required under the civil rules."  *United States v. Nacchio*, 555 F.3d 1234, 1262 (10th Cir. 2009) (citing *United States v. Mehta*, 236 F. Supp. 2d 150, 155–56 (D. Mass. 2002)); *see United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013) ("Detailed, extensive discussion is not required in the Rule 16 summary.").

      Defendant first contends that the Government's notice that Detective Goss will testify to the "general practice of the illegal drug trade" and "the wholesale and retail values of the seized narcotics" is inadequate under Rule 16.  (Doc. # 40 at 4.)  Though the Court agrees with Defendant that these phrases, when viewed in isolation, do not "describe the witness's opinions," *see* Fed. R. Crim. P. 16(a)(1)(G), it is plain to the Court that the Government will present Detective Goss's testimony about the "general practice of the illegal drug trade" and "the wholesale and retail values of the seized

narcotics" to lay a foundation for his **opinions** that "the respective drug weights for the cocaine and methamphetamine seized in this case are distribution quantities" and that "the plastic bags and digital scales found in the defendant's vehicle are indicative of drug distribution." *See* (Doc. # 40-1 at 2.)  The Court is satisfied that the Government has sufficiently described Detective Goss's opinions for purposes of Rule 16. *See United States v. Brown*, 592 F.3d 1088, 1091 (10th Cir. 2009) (holding that the government's written summary sufficiently described a forensic expert's "analysis and opinion that the fingerprint found at the scene matched [the defendant's]."); *McCluskey*, 954 F. Supp. 2d at 1232 ("Rule 16 disclosures are not required to include the extensive and exhaustive level of detail and information for which Defendant is arguing.").

Defendant's second contention, that Detective Goss's anticipated testimony about "the use of firearms in connection with the trafficking of narcotics" is irrelevant, fails in light of the Second Superseding Indictment (Doc. # 42). *See* (Doc. # 40 at 4–5.) Count Four of the indictment charges Defendant with using, carrying, and possessing a firearm during and in relation to a drug trafficking crime. (Doc. # 42 at 2–3.)  Thus, testimony concerning the use of firearms in drug trafficking is plainly relevant.

Defendant's third assertion, that "disclosure of the bases of Detective Goss's testimony is inadequate" is just as easily rejected.  See (Doc. # 40 at 5.)  It is undisputed that the Government shared Detective Goss's curriculum vitae with Defendant in its expert disclosures.  "Provision of the expert's curriculum vitae satisfies the requirement of Rule 16 to include a description of the witness's qualifications." *McCluskey*, 954 F. Supp. 2d at 1231 (citing *Mehta*, 236 F. Supp. 2d at 155).

For these reasons, the Court overrules Defendant's Objection to the extent that it disputes the adequacy of the Government's expert disclosure concerning Detective Goss.

**B.  ANTICIPATED TESTIMONY BEYOND THE SCOPE OF RULE 702 AND 704**

1. Federal Rule of Evidence 702

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if," relevant here, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  F.R.E. 702(a).  In the context of drug trafficking cases, like the matter presently before the Court, the Court of Appeals for the Tenth Circuit has "repeatedly held that . . . expert testimony can assist the jury in understanding transactions and testimony."  *United States v. Quintana*, 70 F.3d 1167, 1171 (10th Cir. 1995) (collecting cases); *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1237 (D.N.M. 2015) (same).  Nonetheless, the Tenth Circuit and other circuits have also expressed caution about the special dangers of expert testimony by law enforcement officers.  *See United States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. 2015) (quoting *United States v. Mejia*, 545 F.3d 179, 187 (2d Cir. 2008)); *see also United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987) ("It is well established that the operations of narcotics dealers are a proper subject for expert testimony under Fed. R. Evid. 702.  In the past, we have upheld the admission of expert testimony to explain the use of narcotics codes and jargon. . .  We acknowledge some degree of discomfiture in

6

cases . . . in which this practice is employed, since, uncontrolled, such use of expert testimony may have the effect of providing the government with an additional summation by having the expert interpret the evidence.")

In acknowledgement of such special dangers, the Court is not without sympathy for Defendant's argument that Detective Goss's testimony "about the relationship between couriers, suppliers, and receivers of controlled substances, methods of ingestion, and indicia of drug trafficking" may run afoul of Rule 702.  *See* (Doc. # 40 at 7.)  However, the Government clarifies in its Response that it "does not intent [sic] to offer testimony as to any of the above-mentioned categories, except indicia of drug traffickers."  (Doc. # 71 at 5.)  "[C]ourts have routinely upheld the admission of expert testimony from law enforcement officers seeking to identify for the jury typical indicia of drug trafficking activity."  *United States v. Lovern,* 590 F.3d 1095, 1102 (10th Cir. 2009) (collecting cases).  In light of the Government's assurance that Detective Goss's testimony will be limited to indicia of drug trafficking activity, the Court overrules Defendant's Objection pursuant to Rule 702.

    2.  <u>Federal Rule of Evidence 704</u>

Federal Rule of Evidence 704(b) provides:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

F.R.E. 704(b).

Defendant's mental state—specifically, his intent—is an element of Count Four. Count Four charges Defendant with using, carrying, and possessing a firearm in

7

furtherance of a drug trafficking crime, (Doc. # 42 at 2–3), and one element the jury will have to determine is whether Defendant possessed a firearm in furtherance of a drug trafficking crime.  Rule 704(b) therefore forbids an expert witness, such as Detective Goss, from opining about whether Defendant did or did not have the mental state— intent to further a drug trafficking crime—at issue in Count Four.  As the Tenth Circuit stated in *United States v. Garza*, 566 F.3d 1194, 1200 (10th Cir. 2009), "a district court would commit error if it permitted an expert to testify that a defendant in a § 924(c)(1)(A) case possessed a firearm 'in furtherance of' drug trafficking."

The Court therefore sustains Defendant's Objection to the extent that it argues Detective Goss's planned testimony that "the AR-15 was possessed in furtherance of drug trafficking" is inadmissible pursuant to Rule 704(b).  *See* (Doc. # 40 at 7–8.)  The Government concedes this point.  (Doc. # 71 at 6.)  Detective Goss may not testify that the firearm was possessed in furtherance of drug trafficking.

**C.    POTENTIAL INADMISSIBLE HEARSAY**

An expert witness may not be used to "parrot" testimonial hearsay from the investigation about which he is testifying or from any other investigation.  An expert witness doing so "cannot be distinguished from any other witness conveying hearsay, and the parroting by the 'expert' may violate the Confrontation Clause." *Garcia*, 793 F.3d at 1214.

Defendant argues that Detective Goss "may not testify as to things he has been told during the course of his on-the-ground acquisition of specialized knowledge, or things that he has been told about this case by people not subject to cross-examination

at trial." (Doc. # 40 at 9.) The Court agrees in theory. However, there is no indication that the Government intends to elicit testimonial hearsay from Detective Goss. The Government disclosed Detective Goss to Defendant as a "blind expert," *i.e.*, "he has no direct involvement with this case." (Doc. # 40-1 at 2.) And in its most recent filing, the Government confirms that it "will not elicit testimonial hearsay from Detective Goss." (Doc. # 71 at 6.) The Court concludes that Defendant's concern about testimonial hearsay is unfounded and overrules his Objection as to its third argument.[1]

## D. ANTICIPATED FOUNDATIONAL OBJECTIONS

Rule 702 allows for an expert witness to be "qualified as an expert by . . . experience." F.R.E. 702. The Advisory Committee's note to the 2000 amendment of Rule 702 explains:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

F.R.E. 702 advisory committee's note to 2000 amendment.

In his final argument, Defendant requests that "the Court enforce these foundational requirements . . . particularly where [Detective] Goss purports to believe that certain facts are 'indicative' of drug trafficking and not simply 'consistent' with it." (Doc. # 40 at 10.) The Court overrules this argument as premature.[2]

---

[1] Should Detective Goss testify as to statements made by others that he heard in the course of familiarizing himself with this case, the Court will entertain a renewed objection from Defendant.
[2] Should the Government fail to lay the requisite foundation for Detective Goss's admission as an expert witness, Defendant may renew its argument.

### III. CONCLUSION

For the foregoing reasons, the Court SUSTAINS IN PART and OVERRULES IN PART Defendant's Objection (Doc. # 40) to the Government's Expert Disclosure of Detective Goss. It is

FURTHER ORDERED that Defendant's Objection (Doc. # 40) is SUSTAINED IN PART as to the inadmissibility of any testimony by Detective Goss that Defendant possessed a firearm in furtherance of drug trafficking. It is

FURTHER ORDERED that Defendant's Objection (Doc. # 40) is OVERRULED IN PART as to all other arguments.

DATED: February 6, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge